IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Steven D. Turner, et al.,            Case No. 3:08 CV 1304

         Plaintiffs,            MEMORANDUM OPINION
                                         AND ORDER

        -vs-
                                        JUDGE JACK ZOUHARY

Sheldon Speyer, et al.,

           Defendants.

## I. INTRODUCTION

Pending before this Court are cross Motions for Summary Judgment. Plaintiffs Steven Turner and Facets, Inc. bring claims for defamation and interference with present and future business relationships against Defendants Sheldon Speyer and Michael Hodson (2d Amend. Compl., Doc. No. 40). Defendant Speyer counterclaims, alleging Plaintiffs committed fraud and violated the Ohio Consumer Sales Practice Act (OCSPA) (Counterclaim Compl., Doc. No. 42). Plaintiffs file for summary judgment (Doc. No. 65), asking the Court to grant judgment in their favor as to some of their defamation claims and all the business-relationship interference claims. Plaintiffs also move for judgment in their favor on Speyer's counterclaims. Defendants ask the Court to grant judgment in their favor as to Plaintiffs' defamation claims, as well as Plaintiffs' business-relationship interference claims (Doc. No. 71).

For the reasons stated below, Plaintiffs' Motion is granted in part and denied in part. Defendants' Motion is also granted in part and denied in part.

## II. SUMMARY JUDGMENT STANDARD

Pursuant to Federal Civil Rule 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Id*. When considering a motion for summary judgment, a court must draw all inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, a court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

## III. PLAINTIFFS' DEFAMATION CLAIMS

In the Second Amended Complaint, Plaintiffs claim fourteen statements made by Defendants defamed them. The statements were made at different times and in different fora.

To prevail on a claim of defamation, a plaintiff must establish the following: (1) a false and defamatory statement; (2) about plaintiff; (3) published without privilege to a third party; (4) with fault of at least negligence on the part of defendant; and (5) that was either defamatory per se or caused special harm to plaintiff. *Gosden v. Louis*, 116 Ohio App. 3d 195, 206 (1996). Only elements (1) and (5) are disputed by the parties here.

### A. **Defamatory nature of statements**

Defendants claim they are entitled to summary judgment because Plaintiffs have failed to establish the falsity of Defendants' statements. In fact, Defendants argue each statement is true. The

2

Court finds the statements are easily grouped into the following categories: (1) specific complaints about specific radios purchased from Plaintiffs; (2) general criminal fraud allegations; and (3) a criminal rape allegation. Each statement will be addressed below.

### (1) Specific complaints about specific radios

Plaintiffs argue a number of statements made by Defendants about their purchase of various radios from Plaintiffs are defamatory.

<u>Statement on Defendants' website in regard to a blue Clockette radio</u>
(Doc. No. 40 ¶ 9.b)

Plaintiffs did not move for summary judgment on this statement; Defendants did, citing truth because Turner painted the radio sky blue while the original color was different. Defendants cite Turner's deposition in which he testified that he used "sky blue" as a synonym for "marbleized blue," which was an original color (Turner Depo., p. 48), as well as affidavit statements from Speyer that the originally white radio was painted sky blue, and Speyer was never informed of this (Speyer Aff. ¶¶ q 2-4). Plaintiffs appear to make no attempt to rebut Defendants' evidence on this statement in their Opposition. Therefore, the Court grants summary judgment for Defendants and dismisses this claim.

<u>Statement on Defendants' website in regard to an Emerson AU 190 radio</u>
(Doc. No. 40 ¶ 9.c)

Plaintiffs did not move for summary judgment on this statement; Defendants did, citing truth. Defendants cite Speyer's affidavit that states the radio was painted to cover two repaired cracks and Speyer was not told (Speyer Aff. ¶5). Plaintiffs appear to make no attempt to rebut Defendants' evidence on this statement in their Opposition. Therefore, the Court grants summary judgment for Defendants and dismisses this claim.

3

<u>Statement on Defendants' website in regard to the FADA 55 1/2 radio</u>
(Doc. No. 40 ¶ 9.d)

Both parties moved for summary judgment with respect to this statement. This is a classic disputed issue of material fact -- namely whether or not Plaintiffs represented the radio to be something other than an L56. Speyer testified in his deposition that Turner represented the radio to be an L56 (Speyer Depo., p. 212). Turner testified in his deposition he represented the radio to be a Fada 52 (which is similar to a Fada L 55) (Turner Depo., p. 69). Therefore, the Court denies summary judgment as to both parties with respect to this statement.

<u>Statement on Defendants' website in regard to a GE 570 radio</u>
(Doc. No. 40 ¶ 9.e)

Plaintiffs did not move for summary judgment on this statement; Defendants did, citing truth. Defendants cite Speyer's affidavit in which he testifies that at the time of purchase, the radio exhibited no flaws but later exhibited a wrinkle (Speyer Aff. ¶ 5). Plaintiffs make no serious attempt to rebut Defendants in their Opposition. Therefore, the Court grants summary judgment for Defendants and dismisses this claim.

<u>Statement on Defendants' website in regard to an Emerson Little Miracle radio</u>
(Doc. No. 40 ¶ 9.f)

Plaintiffs did not move for summary judgment on this statement; Defendants did, citing truth. Defendants cite Speyer's affidavit in which he testifies that Turner failed to tell him that the radio was repaired and painted (Speyer Aff. ¶ 6), as well as Turner's deposition testimony in which he admitted the radio was painted (Turner Depo., pp. 152-53). Plaintiffs offer no testimony to rebut this evidence. Therefore, the Court grants summary judgment for Defendants and dismisses this claim.

<u>Statement posted on E-Bay in regard to a FADA 55 1/2 radio</u>
(Doc. No. 40 ¶ 11)

This statement mirrors the statement regarding the FADA 55 1/2 posted on Defendants' website. The statement is simply published in a different forum. For the reasons stated above in connection with the FADA 55 1/2 website statement, summary judgment is denied with respect to both parties.

**(2) Criminal Fraud Allegations**
(Doc. No. 40 ¶¶ 9.a; 13; 15; 17; 19; 21; 23; and 25)

Plaintiffs claim a number of statements are defamatory in which Defendants allege Plaintiffs engaged in criminal fraud or other illicit business practices. Defendants' criminal fraud statements, in the aggregate, assert that Plaintiffs defraud customers and liken Plaintiffs' business practices to a criminal enterprise. Both parties moved for summary judgment with respect to these statements.

Plaintiffs argue that Defendants cannot offer evidence that Plaintiffs actually engaged in any criminal activity. Defendants assert a truth defense, arguing Plaintiffs have engaged in criminal activity by: (1) failing to file income taxes for a number of years; (2) shill bidding in Internet auctions; and (3) violating R.C. § 2913.32(A)(1) & (4) (Ohio's criminal simulation statute). As to criminal simulation, Defendants point out that Turner has admitted that various radios did not match the ad description posted on the Internet.

There is enough conflicting evidence in the record to create genuine issues of material fact as to the falsity of these statements. Therefore, the Court denies both Motions for Summary Judgment with respect to these statements.

Furthermore, this Court concludes these statements are not protected as opinion speech under the Ohio Constitution pursuant to the four factors described in *Wampler v. Higgins*, 93 Ohio St. 3d

5

111, 126 (2001). Specifically, the Court finds that the language used and the verifiability of these statements preclude a finding of opinion protection. *Id.* at 127-29.

### (3) Criminal Rape Allegation
(Doc. No. 40 ¶15)

On an Internet forum, Speyer posted a statement that "a gal in Italy who has been chasing Steve for 2 years to get her monies back. What he did to her amounts to RAPE." Both parties moved for summary judgment with respect to this statement.

Plaintiffs argue the statement was meant to accuse Turner of the crime of rape. Defendants argue the statement is really just another statement asserting Turner engaged in fraudulent business practices. The Court agrees with Defendants, and this statement should really be joined with the criminal fraud allegations discussed above. Given the context of the statement, it is clear Defendants were not accusing Turner of the crime of rape, but rather using rape as a metaphor for fraudulent business practices.

For the same reasons discussed above in relation to the falsity of the other criminal fraud allegations, genuine issues of material fact exist. The Court denies both Motions as the statement relates to Plaintiffs' business practices, but Plaintiffs are precluded from arguing the statement accused Turner of committing the crime of rape because such an interpretation is not reasonable.

### B. Damages

Plaintiffs maintain that certain statements constitute defamation per se, and therefore Plaintiffs need not proffer evidence on some of their damages. Defendants maintain that none of the statements are defamation per se, but rather constitute defamation per quod. If the statements are per quod, Plaintiffs must prove their damages, and Defendants maintain Plaintiffs will be unable to do so because they cannot establish causation. Plaintiffs argue that if statements are deemed per quod rather

6

than per se, they can sufficiently prove their damages. As evidence, Plaintiffs offer Speyer's own statements to others about how he believed his efforts were injuring Plaintiffs' business, as well as the testimony of their expert economist, Harvey Rosen.

There are two kinds of defamation. Defamation per se occurs when material is defamatory on its face; defamation per quod occurs when material is defamatory through interpretation or innuendo. *Gosden*, 116 Ohio App. 3d at 206-07. Unless a statement is ambiguous, whether a statement is defamatory per se is a question of law for the trial court to determine. *Id.* at 207.

When a statement is defamation per se, some damages are presumed, and a plaintiff is not required to prove special damages. *NE Ohio Elite Gymnastics Training Ctr., Inc. v. Osborne*, No. 07CA0117-M, 2009 WL 1579117, at *2 (9th Dist. Ohio Ct. App. Jun. 8, 2009). In contrast, if the statement is defamation per quod, special damages must be pled and proven. *Id.* "'Special damages are damages of such a nature that they do not follow as a necessary consequence of the [complained injury].'" *Id.* (quoting *Gennari v. Andres-Tucker Funeral Home, Inc.* 21 Ohio St. 3d 102, 106 (1986)). Further, special damages are damages that "'result from conduct of a person other than the defamer or the one defamed[.]'" *Id.* (quoting *Bigelow v. Brumley*, 138 Ohio St. 574, 594 (1941)).

Here, the Court finds the statements at issue could be defamatory only through interpretation in the context in which the statements were made. Therefore, Plaintiffs are required to prove per quod damages.

Defendants further argue Plaintiffs cannot establish causation for damages. Defendants maintain Plaintiffs' expert report will be inadmissible under *Daubert*. Further, Defendants argue Plaintiffs' own poor business practices and comments by other dissatisfied customers may have caused any resulting damages. The Court finds it inappropriate at the summary judgment stage to

conclude that Plaintiffs will not be able to prove damages, and will address *Daubert* motions prior to trial.

### IV. PLAINTIFFS' CLAIMS OF INTERFERENCE WITH BUSINESS RELATIONSHIPS

Both parties move for summary judgment with respect to Counts Three and Four of Plaintiffs' Second Amended Complaint.  In their Motion for Summary Judgment, Defendants assert that these claims are also based on allegations that Defendants defamed Turner in connection with his business.

The elements necessary for recovery under a claim for tortious interference with a business relationship are:

> (1) a business relationship or contract; (2) the wrongdoer's knowledge of the relationship or contract; (3) the wrongdoer's intentional and improper action taken to prevent a contract formation, procure a contractual breach, or terminate a business relationship; (4) a lack of privilege; and (5) resulting damages.

*Elite Designer Homes, Inc. v. Landmark Partners*, No. 22975, 2006 WL 2270832, at *7 (9th Dist. Ohio Ct. App. Aug. 9, 2006); *see also Fred Siegel Co., LPA v. Arter & Hadden*, 85 Ohio St. 3d 171, at syllabus ¶ 1) (1999) (listing elements of tortious interference with contract). To determine whether the action was improper or justified, the courts must weigh the following factors:

  (a)  the nature of the actor's conduct;

  (b)  the actor's motive;

  (c)  the interests of the other with which the actor's conduct interferes;

  (d)  the interests sought to be advanced by the actor;

  (e)  the social interests in protecting the freedom of action of the actor and the contractual interests of the other;

  (f)  the proximity or remoteness of the actor's conduct to the interference; and

  (g)  the relations between the parties.

8

*Id.* (citing *Brookeside Ambulance, Inc. v. Walker Ambulance Serv.*, 112 Ohio App.3d 150, 156 (1996) (quoting 4 Restatement of the Law 2d, Torts § 767)). Furthermore, "[e]ven if an actor's interference with another's contract causes damages to be suffered, that interference does not constitute a tort if the interference is justified." *Fred Siegel Co.*, 85 Ohio St. 3d at 176.

Here, there is a genuine issue of material fact as to whether Defendants' statements were "justified." If Plaintiffs fail to establish the falsity of the statements at issue, then arguably Defendants' statements were justified -- Defendants were making statements about their business experiences with Plaintiffs in order to inform other potential customers. However, if a jury finds the statements were defamatory, Plaintiffs' business-interference claims may succeed. Therefore, both Motions for Summary Judgment are denied with respect to Counts Three and Four.

## V. DEFENDANT SPEYER'S FRAUD COUNTERCLAIM (COUNT ONE)

Plaintiffs move for summary judgment with respect to Count One of Speyer's Counterclaim.

As a preliminary matter, it appears from the Counterclaim that Speyer is complaining of fraud (i.e., "Turner's representations were false and made with the intent to induce reliance . . . . Reasonably relying on Turner's misrepresentations, counterclaimant purchased Catalin radios . . . ." (Doc. No. 42, Counterclaim Compl. ¶¶ 3-4 )). However, Speyer maintains this is a "breach of contract" claim, not a fraud claim. Speyer claims Plaintiffs breached the contract for the sale of the radios because the radios were not what Plaintiffs advertised them to be. The Court finds Count One of the Counterclaim pleads a fraud claim, not a breach of contract claim. Speyer cites to no specific contract, written or oral.

Under Ohio law, the elements of fraud are: (1) a false representation concerning a fact material to the transactions; (2) knowledge of the falsity of the statement or utter disregard for its truth; (3)

9

intent to induce reliance on the misrepresentation; (4) reliance under circumstances manifesting a right to rely; and (5) injury resulting from the reliance. *DiSanto v. Safeco Ins. of Am.*, 168 Ohio App. 3d 649, 656 (2006).

Plaintiffs argue that summary judgment should be granted in their favor because Speyer is claiming fraud, and therefore he was required to plead in accordance with Federal Civil Rule 9(b), wherein a party must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of defendant; and the injury resulting from fraud." *Coffey v. Foamex*, 2 F.3d 157, 161-62 (6th Cir. 1993). Plaintiffs argue Speyer failed to plead with the requisite specificity under Civil Rule 9(b). The Court agrees. Speyer's fraud Counterclaim is vague at best and does not specify any particulars whatsoever or identify the statements at issue. Therefore, the Court grants Plaintiffs' Motion and dismisses this claim.

## VI.     DEFENDANT SPEYER'S OCSPA COUNTERCLAIM (COUNT TWO)

Plaintiffs argue they are entitled to summary judgment because Speyer is not a "consumer" within the meaning of the OCSPA. "Consumer" is defined as "a person who engages in a consumer transaction with a supplier." R.C. § 1345.01(D). "Consumer transaction" is defined as "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household." R.C. § 1345.01(A).

Plaintiffs maintain Speyer was in the business of selling radios and reselling radios purchased from Plaintiffs. In his deposition, Speyer did admit to selling some radios in the past but maintains that he is not in the business of selling radios, and the radios purchased from Plaintiffs were for his

10

own personal collection (Speyer Depo., p. 227; Speyer Aff. ¶ 10). Thus there is a disputed issue of material fact. The Court denies Plaintiffs' Motion for Summary Judgment on Count Two.

### VII.  DEFENDANT SPEYER'S FRAUD COUNTERCLAIM (COUNT THREE)

Just as with the fraud claim in Count One of Speyer's Counterclaim, the Court finds Speyer failed to plead with the requisite specificity required by Civil Rule 9(b) for the fraud claim in Count Three. Therefore, the Court grants Plaintiffs' Motion and dismisses this claim as well.

### VIII.  CONCLUSION

In light of the foregoing conclusions, Plaintiffs' Motion for Summary Judgment (Doc. No. 65) is granted in part and denied in part. The Court grants Plaintiffs' Motion with respect to Counts One and Three of Defendant Speyer's Counterclaim Complaint and denies with respect to all other claims. Defendants' Motion for Summary Judgment (Doc. No. 71) is also granted in part and denied in part. The Court grants Defendants' Motion with respect to the defamation claims asserted in ¶¶ 9.b, 9.c, 9.e, 9.f, and denies with respect to all other claims. The Court further concludes that the remaining alleged defamatory statements are per quod in nature.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 18, 2009