IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Steven D. Turner, et al., | Case No. 3:08 CV 1304 |
| Plaintiffs, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Sheldon Speyer, et al., | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Enforce Settlement (Doc. No. 142). Plaintiffs filed an Opposition and Defendants filed a Reply (Doc. Nos. 143 & 145). The Court held a hearing on May 17, 2010 (Doc. No. 150).

The November 23, 2009 Settlement Agreement called for Defendants to make several cash payments to Plaintiffs totaling $152,000, to transfer ownership of several antique radios worth approximately $145,000, and to transfer ownership of two internet domain names by November 30, 2009 (Doc. No. 142-1, p. 3). The parties agree that Defendants timely paid the cash settlements and delivered the radios, but there was some difficulty transferring the domain name registrations, and therein lies the current dispute.

Though Defendant Speyer executed an affidavit purporting to transfer ownership on December 3, 2009, registration of the domain names in Plaintiff Turner's name was not accomplished until mid-February 2010. The reason for the delay is disputed by the parties. Suffice to say, the Court finds that both sides attempted to effect the transfer but, through a series of missteps and miscommunications,

the process took much longer than it should have. This is a classic case where open communication and face-to-face conversation would have been preferred, rather than endless back-and-forth email chains between the lawyers. Both sides have spilled a great deal of ink on each other and on this Court over a relatively minor part of the settlement, in the process racking up even more attorneys' fees.

Regardless, this dispute is ripe for decision. Plaintiffs seek to invoke the provision of the Settlement Agreement which states: "Should [Defendant] Sheldon Speyer fail to satisfy any of the terms of this Agreement, [Plaintiff] Steven Turner is not required to return any items or payments made by Sheldon Speyer and Steven Turner is further entitled to move forward with the above identified action without restriction or setoff for any exchange or payment made by Sheldon Speyer" (Doc. No. 142-1, p. 4). Plaintiffs claim Defendant Speyer failed to comply with the November 30 domain name transfer deadline, and that they are therefore entitled to re-file the suit. This Court concludes Plaintiffs' position is untenable, because (1) there has been substantial compliance with the Agreement, and (2) Plaintiffs' conduct in accepting $300,000 worth of consideration is incompatible with its current claim of breach.

First, the "long and uniformly settled rule as to contracts requires only a substantial performance in order to recover upon such contract. Merely nominal, trifling, or technical departures are not sufficient to breach the contract." *Ohio Farmers' Ins. Co. v. Cochran*, 104 Ohio St. 427, paragraph 2 of syllabus (1922). Here, there has been substantial compliance with the agreement because Plaintiffs have received all the consideration for which they bargained. The only hiccup was that a part of Defendants' performance -- transfer of the domain names -- occurred two months late.

2

But the Agreement does not say that "time is of the essence," nor does it specify any steps Defendants should have taken to transfer the names. Plaintiffs insist that Defendants could have transferred the names by following a simple fifteen-minute process on the internet; Defendants insist that Plaintiffs could have registered the names simply by presenting the signed Settlement Agreement to the domain name clearinghouse. But neither party saw fit to make those "simple" processes explicit in the Agreement, and this *post hoc* finger-pointing serves little purpose. Both parties made efforts to effect the transfer -- sluggish and clumsy efforts, perhaps, but efforts that eventually succeeded. In light of Defendants' timely tender of the bulk of the consideration, the delay in transferring the domain names was not a material breach.

Second, throughout the delay, Plaintiffs continued to accept payments and radios without hesitation. Plaintiffs now claim that they are entitled to restart the lawsuit and keep the fruits of the settlement. This Court rejects that position and finds that Plaintiffs waived any claim for breach of the November 30 deadline both by working with Defendants to accomplish the later transfer and by accepting payments and radios. *See Ohio Farmers Ins. Co.*, 104 Ohio St. at paragraph three of syllabus ("A waiver of any of the terms of a contract may be either by subsequent contract, written or oral, or by the acts and conduct of the parties."). If Plaintiffs believed the delay in registering the domain names was a material breach, they should have made that position clear in early December 2009.

In sum, the Court believes Defendants attempted to comply with the Settlement Agreement in good faith, and that there has been no material breach of the Settlement Agreement. This Court therefore need not reach the other arguments raised in the briefing.

3

The time has come to put this case to rest, and allow the parties to move on. Or, in the words of another jurist: "The parties are advised to chill." *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 896, 908 (9th Cir. 2002) (Kozinski, J.).

Defendants' Motion to Enforce is granted. Case is dismissed with prejudice.

IT IS SO ORDERED.

                                               s/ *Jack Zouhary*
                                               JACK ZOUHARY
                                               U. S. DISTRICT JUDGE

                                               May 24, 2010